601 So.2d 299 (1992)
Terrance Virgil ISOM, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-762.
District Court of Appeal of Florida, Third District.
June 23, 1992.
*300 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Katherine B. Johnson, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
Appellant appeals his convictions for improper exhibition of a weapon and trespass of a conveyance. We affirm.
During jury selection, the State exercised a peremptory challenge against a black juror. Defendant objected and asked the court to conduct a Neil[*] inquiry. The court did so. The prosecutor stated that she challenged the juror because the juror had been the victim of an armed robbery during which his money and jewelry were stolen. The juror also said he did not report the incident to the police  even though he had seen the robber and believed he could have assisted the police in making an identification  because he did not believe he would get his property back. The prosecutor went on to cite the juror's "evasiveness about what happened when he was a victim and his hesitancy in calling the police even though he said he knew he could identify the person, that's what made me uncomfortable about something, maybe there was more going on."
We find that, based on the record below, the trial court did not abuse its discretion in determining that the State's reason was race-neutral. See Green v. State, 583 So.2d 647, 652 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992); Reed v. State, 560 So.2d 203, 206 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990); McNair v. State, 579 So.2d 264, 266 (Fla. 2d DCA 1991); Thomas v. State, 502 So.2d 994, 996 (Fla. 4th DCA), review denied, 509 So.2d 1119 (Fla. 1987).
Affirmed.
NOTES
[*] State v. Neil, 457 So.2d 481 (Fla. 1984).