FARMER, Judge.
Chambers appeals from his conviction and sentence on one count of felony DUI. During the voir dire examination of jurors, Chambers peremptorily struck juror Laval-ley because her husband is a retired firefighter, police officer and paramedic. The following exchange occurred:
DEFENSE: We’ll strike Anita Lavalley, Your Honor.
PROSECUTOR: Ask counsel to state a gender-neutral reason for striking Ms. La-valley. She’s a woman.
DEFENSE: She said her husband was a cop, Your Honor.
The trial court sustained the State’s objection. Defendant contends that the trial court’s denial of his motion to peremptorily strike Lavalley constituted a reversible error.
Florida law presumes that a peremptory challenge has been exercised without invidious discrimination. Windom v. State, 656 So.2d 432 (Fla.1995). In Czaja v. State, 674 So.2d 176 (Fla. 2d DCA 1996), the second district recognized that the law enforcement background of a juror’s spouse is a properly neutral reason for a peremptory challenge, invoking the trial court’s duty to determine whether the State’s objection to the strike has been supported by evidence of purposeful, invidious discrimination. In Gonzalez v. State, 569 So.2d 782 (Fla. 4th DCA 1990), we held that, upon an objection to an exercise of a peremptory challenge, the party seeking to excuse the prospective juror is required to provide only a facially neutral explanation for the challenge having some support in the record.
*616 In this case, Chambers attempted to excuse juror Lavalley because her husband is a retired police officer. Although Chambers gave the neutral explanation that the strike was based on the background of the juror’s spouse, the trial judge refused to permit the challenge, without stating any reasons. The record indicates that the peremptory strike in this case was constitutionally permissible. Once a party gives a neutral reason for a strike, as in this case, the trial court then has the duty to determine whether the party opposing the challenge has shown purposeful, invidious discrimination. There is nothing in the record to show that the trial court considered this issue.
REVERSED AND REMANDED FOR NEW TRIAL.
STONE and POLEN, JJ., concur.