706 So.2d 401 (1998)
Winston JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-1142.
District Court of Appeal of Florida, Third District.
February 25, 1998.
*402 Bennett H. Brummer, Public Defender, and Neil Rose, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before GREEN, SHEVIN and SORONDO, JJ.
SORONDO, Judge.
Winston Lee Johnson appeals a judgment of conviction for attempted second degree murder with a firearm. We affirm.
During jury selection in this case the defendant exercised peremptory challenges to strike Hispanic jurors. After striking the third such juror the prosecutor objected pursuant to the Supreme Court's decision in Melbourne v. State, 679 So.2d 759 (Fla.1996), and asked the trial court to inquire of defense counsel for valid ethnic-neutral reasons for the strikes. As concerns the subject of this appeal, Juror Perez, defense counsel responded as follows:
Ms. Perez is a bank teller, it falls into the same category; people in a particular occupation. She also had a father accused of a crime and she was kind of wishy-washy with what he was accused of and how this affected her.
The following exchange followed:
COURT: She said it was 15 years ago.
STATE: She also said she could be totally fair about the whole situation and that it would not affect her and it was a father and an uncle accused of a drug deal and she was way too young to understand anything that was going on.
DEFENSE: That was my reason.
COURT: I am going to disallow your objection and force seat her.
DEFENSE: Note my objection.
COURT: Okay. I don't think it's sufficiently race-neutral.
DEFENSE: Judge, actually, if I may, for the record, the case law I just recently *403 looked at, the Melbourne case, says that the reason we give doesn't have to be a race reason, it just has to be a race-neutral reason.
COURT: It also says I have to think its true. It has to be genuine. She is a bank teller. They're the lowest paid people on the face of business. To turn anybody down by habit
The trial court did not finish its thought process and proceeded to the next juror.
In Melbourne v. State, 679 So.2d 759 (Fla.1996), the Supreme Court of Florida established the following procedure for determining the racial neutrality and genuineness of a peremptory challenge:
Step 1 A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venire person is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.
Step 2 At this point, the burden of production shifts to the proponent of the strike to come forward with a raceneutral explanation.
Step 3 If the explanation is facially raceneutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.
Id. at 764. In the present case, the state complied with the first step of the analysis. The reasons proffered by defense counsel for excusing juror Perez were, 1) her job as a bank teller, 2) the fact that her father and uncle had been previously accused of crimes, and 3) that she was wishy-washy about the nature of the accusation and how it affected her. The trial court was obligated at this point to assess the racial neutrality of the proffered reasons. In Melbourne, the Supreme Court relied heavily on the United States Supreme Court's decision in Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). As concerns step 2 of this process Elem states:
The second step of this process does not demand an explanation that is persuasive, or even plausible. `At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless discriminatory intent is inherent to the prosecutor's explanation, the reason offered will be deemed race-neutral.'
514 U.S. at 767-68, 115 S.Ct. at 1770-71 (quoting Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859, 1866-67, 114 L.Ed.2d 395 (1991)(O'CONNOR, J., concurring in judgment)). All of the reasons proffered by defense counsel were valid raceneutral reasons. The trial judge's comment that the reasons were not "sufficiently" raceneutral was incorrect, as there is no specific threshold of neutrality that must be satisfied by the party explaining the peremptory strike at step 2 of the Melbourne analysis. At this second step there are only raceneutral reasons and those that are racebased.[1] Although the trial judge made this legally incorrect statement, it is clear that he *404 was reminded of the correct status of the law by defense counsel and that he then conducted the correct step 3 analysis:
It also says I have to think its true. It has to be genuine.
When read in context, the judge's statement clearly indicates that he did not believe the proffered reason was genuine and that he was not going to change his ruling disallowing the peremptory strike. Immediately after saying this, the judge began but did not finish his thought process on the issue. There is nothing in Melbourne which requires trial judges to articulate their thought process on the issue of pretext. Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997). In the absence of clear error this Court is compelled to affirm. Melbourne, 679 So.2d at 764 ("[T]he trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.").
Affirmed.
NOTES
[1] This concept seems to be a source of recurring difficulty for trial judges. Melbourne's step 2 analysis has greatly simplified the determination of the racial-neutrality of the proffered reason. Thus, as an extreme example to make what appears to be an illusive point, if in response to a Melbourne inquiry the proponent of a peremptory strike were to explain that he or she believed the juror in question was an extra-terrestrial and consequently not sufficiently familiar with life on the planet earth to serve as a juror, the reason would be facially race-neutral and valid because it is not race-based. The absurdity or implausibility of the reason is irrelevant to the step 2 analysis. Clearly, the presiding judge would be free to evaluate the absurdity or implausibility of the proffered reason at step 3 when determining whether or not the reason was pretextual. As the United States Supreme Court stated in Elem: It is not until the third step that the persuasiveness of the justification becomes relevantthe step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination.... At that stage, implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination. But to say that a trial judge may choose to disbelieve a silly or superstitious reason at step 3 is quite different from saying that a trial judge must terminate the inquiry at step 2 when the race-neutral reason is silly or superstitious. The latter violates the principle that the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.

Id. at 768, 115 S.Ct. at 1771 (emphasis added) (citations omitted).