708 So.2d 338 (1998)
Lavell Keith PORTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2185.
District Court of Appeal of Florida, Third District.
April 8, 1998.
Bennett H. Brummer, Public Defender, and Kenneth P. Speiller, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Maya S. Saxena, Assistant Attorney General, for appellee.
Before NESBITT, LEVY and SORONDO, JJ.
PER CURIAM.
During jury selection, the Defendant attempted to exercise a peremptory challenge to dismiss a female prospective juror named Isern. The State noted that juror Isern was female and requested a gender-neutral reason for the strike. The Defendant responded that the reason for the strike was the fact *339 that juror Isern had been the victim of crime. Specifically, juror Isern's wallet had been stolen, and, on another occasion, her home burglarized. The trial court judge ruled that the Defendant failed to provide a gender-neutral reason for the strike and denied it. Consequently, Juror Isern sat on the jury.
We find that the trial court erred when it denied the Defendant the right to exercise his peremptory challenge to dismiss juror Isern. The trial court ruled that the Defendant failed to provide a gender-neutral reason for the strike. However, the fact that a juror has been the victim of crime has been consistently held to be a valid, race-neutral and gender-neutral reason for a peremptory strike. See Dean v. State, 703 So.2d 1180 (Fla. 3d DCA 1997); Barnes v. State, 620 So.2d 243 (Fla. 3d DCA 1993); Williams v. State, 619 So.2d 487 (Fla. 1st DCA 1993); Isom v. State, 601 So.2d 299 (Fla. 3d DCA 1992); Adams v. State, 559 So.2d 1293 (Fla. 3d DCA 1990). This is especially true because the Defendant was charged with theft and juror Isern had twice been the victim of theft. See Williams, at 491.
There is nothing in the record before us to overcome the presumption that the peremptory challenge was exercised in a nondiscriminatory manner, see Windom v. State, 656 So.2d 432 (Fla.1995), "or to justify a finding of discriminatory intent." Smith v. State, 662 So.2d 1336 (Fla. 2d DCA 1995). See also Hernandez v. State, 686 So.2d 735 (Fla. 2d DCA 1997); Chambers v. State, 682 So.2d 615 (Fla. 4th DCA 1996); Morris v. State, 680 So.2d 1096 (Fla. 3d DCA 1996); Rivera v. State, 670 So.2d 1163 (Fla. 4th DCA 1996); Santiago v. State, 652 So.2d 485 (Fla. 5th DCA 1995); Betancourt v. State, 650 So.2d 1021 (Fla. 3d DCA 1995). The Defendant's conviction and resulting sentence are reversed and this case is remanded for a new trial.
Reversed and remanded for a new trial.