718 So.2d 334 (1998)
Marlon Fountain GREENE, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-666.
District Court of Appeal of Florida, Third District.
September 23, 1998.
Bennett H. Brummer, Public Defender, and J. Rafael Rodriguez, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Terri Leon-Benner, Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON and SORONDO, JJ.
SORONDO, Judge.
Marlon Fountain Greene, defendant, appeals from his conviction and sentence for the crime of second degree murder.
The defendant raises five issues for review. Because the first of these is dispositive of this appeal, we do not address the others. The defendant argues that the trial court erred in disallowing his exercise of a peremptory challenge against juror Estrella. Upon exercising the strike, the state objected, identified the juror as Hispanic, and requested a Neil[1] inquiry. The trial judge then correctly asked defense counsel to provide a valid ethnic-neutral reason for striking Mr. Estrella. Defense counsel responded that he was concerned about Mr. Estrella's views about self-defense and firearms, and about the fact that Mr. Estrella had a military background. The trial judge concluded that these were not ethnic-neutral reasons.
In Melbourne v. State, 679 So.2d 759, 764 (Fla.1996), the Supreme Court of Florida established the following analysis for determining the racial, ethnic, and/or gender neutrality and genuineness of a peremptory challenge:
Step 1 A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the *335 venire person is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.
Step 2 At this point, the burden of production shifts to the proponent of the strike to come forward with a race neutral explanation.
Step 3 If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.
In this case, the state complied with step 1 of the process and the trial court properly requested a valid ethnic-neutral reason for the peremptory strike. The court mistakenly concluded that the reasons proffered by defense counsel were not ethnic-neutral. In fact, counsel's reasons were facially ethnic-neutral and as such were sufficient to satisfy the second step of the Melbourne analysis. The state concedes that defense counsel's reasons were facially ethnic-neutral but argues that they were pretextual. Unfortunately, the trial judge never addressed the issue of pretext. Having heard defense counsel's proffered reasons, the trial judge concluded:
All right. The Court determines that the reasons given are not ethic [sic] neutral recognizable by the law as I understand it, and the Court is going to disallow the peremptory challenge and the juror will be seated.
At no time did the trial judge address the genuineness of the reasons offered by defense counsel. It is clear from this record that she discontinued the Melbourne analysis after the second step because she did not find the proffered reason to be ethnic-neutral. This was error. See Dean v. State, 703 So.2d 1180 (Fla. 3d DCA 1997). We have previously emphasized the importance of distinguishing between the second and third steps of the Melbourne analysis. See Johnson v. State, 706 So.2d 401 (Fla. 3d DCA 1998). Without repeating our analysis in Johnson, we again stress that step 2 of the Melbourne test requires only that the proffered reasons be facially ethnic-neutral. If the reasons are not ethnic-based, the trial judge must then assess the genuineness of the reasons in order to determine whether they are pretextual. A conclusion that the proffered reasons are not ethnic-neutral is not synonymous with a finding of pretext. The former requires only a superficial analysis to determine facial, ethnic neutrality, whereas the latter requires a judicial assessment of credibility of both the proffered reasons and the attorney or party proffering them. Likewise, the standard of review is different as to each. When reviewing a trial court's determination that a proffered reason is not ethnic-neutral, this Court will simply review the facial neutrality of the reason. On the other hand, the trial court's decision on the ultimate issue of pretext "turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous." Melbourne, 679 So.2d at 764.
We reverse the defendant's judgment of conviction and sentence and remand for a new trial.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).