SCHWARTZ, Chief Judge.
We reject both the appellant’s sole point on appeal, which claims error in the trial court’s allowance of a state peremptory challenge, see Melbourne v. State, 679 So.2d 759 (Fla.1996); Johnson v. State, 706 So.2d 401 (Fla. 3d DCA 1998); Dean v. State, 703 So.2d 1180 (Fla. 3d DCA 1997), and the state’s contention on cross-appeal that the downward departure sentence was incorrect. The reason assigned was the well-justified conclusion that the defendant would be more likely to make the required restitution if he were not incarcerated for the guidelines period. Although the amendment to the guidelines which specifically permits this basis for departure, § 921.0016(4)(e), Fla. Stat. (1997), became effective only after the crime in question, the ground was nevertheless permissible under the more general statute which then applied. See § 921.185, Fla. Stat. (1993); Steiner v. State, 469 So.2d 179, 183 n. 8 (Fla. 3d DCA 1985), review denied, 479 So.2d 118 (Fla.1985); see also United States v. Sweet, 245 U.S. 563, 38 S.Ct. 193, 62 L.Ed. 473 (1918)(later statute persuasive as to prior law); Boynton v. Burglass, 590 So.2d 446, 454 (Fla. 3d DCA 1991)(Schwartz, C.J., dissenting).
Affirmed.