750 So.2d 741 (2000)
Mario ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-858.
District Court of Appeal of Florida, Third District.
February 2, 2000.
*742 Bennett H. Brummer, Public Defender and Manuel Alvarez, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Regine Monestime, Assistant Attorney General, for appellee.
Before LEVY, GODERICH, and GREEN, JJ.
GREEN, J.
The appellant, Mario Anderson, appeals his convictions and sentences for first degree murder, armed burglary with an assault therein, carrying a concealed firearm, and unlawful possession of a firearm while engaged in a criminal offense. He argues that the trial court reversibly erred during the voir dire proceedings when it failed to conduct an appropriate analysis pursuant to Melbourne v. State, 679 So.2d 759 (Fla. 1996), when he unsuccessfully attempted to exercise a peremptory challenge against a white male juror and when the court permitted the state to exercise a peremptory challenge against a prospective African American juror. To its credit, the state commendably concedes that the trial court failed to properly adhere to the three step analysis of Melbourne, but asserts that the appellant is foreclosed from raising these issues on appeal where he failed to renew his objection prior to the swearing of the jury. See Joiner v. State, 618 So.2d 174 (1993).
In Joiner, the supreme court held that in order to preserve a Neil[1] objection, the objection must be renewed before the jury is sworn. 618 So.2d at 176. Otherwise, any previously made Neil objections are deemed waived. Id. The record reflects, however, that just prior to the selection of the jury alternates, the trial court inquired of the parties whether they each accepted the main jury panel. The defendant accepted the panel subject to his prior Neil objections which were duly noted by the trial court.[2] Under the circumstances, we cannot agree with the state that the appellant failed to preserve his voir dire objections for our appellate review. We therefore address the merits of this appeal.
During the voir dire proceeding, the defense sought to exercise one of its peremptory challenges against Mr. Patrick, a white male. The prosecutor requested a Neil inquiry and argued that the defense had engaged in a pattern of striking white males. The defense counsel countered that the last two jurors he had challenged peremptorily were African Americans and that he sought to strike Mr. Patrick because Mr. Patrick had been the victim of car burglaries on three occasions.[3] The *743 court noted that it had been four years since Mr. Patrick's last victimization and without further inquiry did not permit this peremptory challenge of Mr. Patrick. Mr. Patrick went on to serve as the jury's foreperson in this case.
The appellant first argues on this appeal that the trial court either erroneously concluded that the defense counsel's proffered reason for the peremptory challenge of Mr. Patrick was not facially race or gender-neutral, or the court erroneously failed to analyze the genuineness of the reason, as required by Melbourne. We agree and under either scenario, reversal is mandated.
In Melbourne, the Florida Supreme Court established the following three step procedure for analyzing the racial, ethnic, and/or gender neutrality and genuineness of a peremptory challenge:
Step 1 A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venire person is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.
Step 2 At this point, the burden of production shifts to the proponent of the strike to come forward with a raceneutral explanation.
Step 3 If the explanation is facially raceneutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.
679 So.2d at 764. We have repeatedly emphasized the importance of the trial court's adherence to each step of Melbourne's three-step analysis. See Greene v. State, 718 So.2d 334 (Fla. 3d DCA 1998); Johnson v. State, 706 So.2d 401 (Fla. 3d DCA 1998). Indeed, our standard of review is different as to each step. For example, upon reviewing a trial court's determination under step two that a proffered reason is not racially, ethnically or gender neutral, we will simply look to the facial neutrality of the reason. On the other hand, the trial court's decision on the ultimate issue of pretext "`turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.'" See Greene, 718 So.2d at 335 (quoting Melbourne, 679 So.2d at 764).
It is clear in this case that there was full compliance of steps 1 and 2. That is to say that in response to the state's objection and request for a race and/or gender neutral reason for the challenge of Mr. Patrick, the defense proffered that Mr. Patrick had been the victim of several car burglaries and for that reason, the defense did not wish to seat him as a juror. The fact that a juror has been the victim of crime has consistently been held to be a valid, race-neutral and gender-neutral reason for a peremptory strike. See Porter v. State, 708 So.2d 338, 339 (Fla. 3d DCA 1998); Dean v. State, 703 So.2d 1180, 1182 (Fla. 3d DCA 1997); Barnes v. State, 620 So.2d 243, 243 (Fla. 3d DCA 1993); Williams v. State, 619 So.2d 487, 491 (Fla. 1st DCA 1993); Isom v. State, 601 So.2d 299, 300 (Fla. 3d DCA 1992); Adams v. State, 559 So.2d 1293, 1296 (Fla. 3d DCA 1990). This would especially be true in this case where the appellant was charged, *744 with among other things, a theft offense. See Porter, 708 So.2d at 338.
After the defense proffered a facially race/gender-neutral reason for the exercise of a peremptory challenge against Mr. Patrick, the trial court was required to proceed to step 3 of the Melbourne analysis and independently consider the genuineness of the reason, given all the circumstances surrounding the strike. Nothing in the record before us indicated that this was ever done. This constitutes reversible error. See Dean, 703 So.2d at 1182; see also Greene, 718 So.2d at 335.
In light of our disposition of the appellant's first argument on appeal, we need not reach his additional challenge to the voir dire proceeding.
Reversed and remanded for a new trial.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).
[2] The following exchange took place:

[Court]: All right. State has agreed. How about you, Mr. Bruce.
[Defense Counsel]: Over my objection to the three that I had requested that I be allowed
[Court]: Other than that, you are accepting them?
[Defense Counsel]: Yes ma'am.
[3] The following transpired:

[Defense]: I would strike juror 38, Mr. Patrick.
[State]: Objection. This is clearly a pattern here. Mr. Patrick, I think said three words this entire voir dire. He is a white male. He said nothing that would indicate he is not a qualified juror.
[Court]: Nobody even
[Defense]: The last two jurors I have stricken are African-Americans. There is another pattern.
[State]: Almost everyone that you have stricken has been a white male.
[Defense]: Judge, if I may, the last two individuals
[Court]: What reason, there has been a challenge and you have stricken numerous?
[Defense]: I'm going to ask Mr. Patrick be stricken because of the amount of times he has been the victim of a crime. I'm going to again state
[Court]: His car was broken into three times. The last time was four years ago.
[Defense]: Judge, I'm still going to state the last two challenges were African-Americans.
[Court]: I'm not going to take Mr. Patrick off.