PER CURIAM.
Carlos Roberto Baker appeals convictions for burglary of an unoccupied conveyance, possession of burglary tools, and trespass in a conveyance. We affirm in part and reverse in part.
Contrary to Baker’s assertion, we find no error in the trial court’s denial of his peremptory challenge to prospective juror Reddick. See Melbourne v. State, 679 So.2d 759 (Fla.1996).
When read in context, the judge’s statement clearly indicates that he did not believe the proffered reason was genuine and that he was not going to change his ruling disallowing the peremptory strike. Immediately after saying this, the judge began but did not finish his thought process on the issue. There is nothing in Melbourne which requires trial judges to articulate their thought process on the issue of pretext.
Johnson v. State, 706 So.2d 401, 404 (Fla. 3d DCA 1998). However, we reverse the conviction for possession of burglary tools.
There was no evidence at trial from which the jury could find that the defendant used the screwdriver [or flashlight] to gain entry to the vehicle, nor evidence from which the jury could determine that the defendant possessed the screwdriver [or flashlight] with the intent to use it to gain entry to the vehicle.
Hierro v. State, 608 So.2d 912, 915 (Fla. 3d DCA 1992), approved, Calliar v. State, 760 So.2d 885 (Fla.1999). Therefore, that conviction may not stand. Accordingly, we reverse that conviction and vacate the sentence on that count.
Affirmed in part; reversed in part.