SORONDO, J.
John Oliver Washington appeals his conviction and sentence for the crimes of robbery and simple battery. We affirm.
During jury selection, the defendant sought to exercise a peremptory challenge on a prospective juror. The state objected and asked the court to ask defense counsel for a race and gender neutral reason for striking the juror. Counsel responded as follows:
He affirmatively volunteered that he was on a criminal jury. Murder trial in fact. He volunteered that given the way he said it, our client does not feel satisfied with him. That’s our reason for a race-neutral, gender neutral reason.
(Emphasis added). The court ruled as follows:
The court did not note anything about the way Mr. Benjamin articulated the fact he had been on a jury previously, murder jury, previously in his words, and the court cannot find that to be a race neutral reason for the peremptory strike.
(Emphasis added). The defense argues that the trial judge erroneously concluded that the proffered reason was not race and gender neutral.
In Melbourne v. State, 679 So.2d 759 (Fla.1996), the Supreme Court of Florida set forth the following analysis for determining the racial, ethnic, and/or gender neutrality and genuineness of a peremptory challenge:
[Step 1] A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venire person is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.
[Step 2] At this point, the burden of production shifts to the proponent of the strike to come forward with a race neutral explanation.
[Step 3] If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.
See id. ■ at 764. In this case the state complied with step 1. The court then asked defense counsel to proffer a valid race and gender neutral reason for the exercise of the peremptory challenge. Defense counsel complied and stated that his client' did not like the manner in which the prospective juror had volunteered that he had previously served as a juror in a murder trial. Under Melbourne, the trial court was then required to determine whether the proffered reason was facially race and gender neutral. If it was,-the court would then have to determine whether, given all the surrounding circumstances, the explanation was a pretext.
We agree with defendant that the trial judge incorrectly concluded that the proffered reason was not race and gender neutral. As this Court has previously said, a race neutral reason is simply one that is not race based. See Johnson v. State, 706 *1204 So.2d 401, 403 (Fla. 3d DCA 1998). The reason proffered here had absolutely nothing to do with race or gender. Instead, it was based on a subjective assessment of the prospective juror’s response to the question asked.
Peremptory challenges are often exercised on the basis of little more than a lawyer’s intuition and experience in the courtroom. Trial counsel sometimes decide to peremptorily strike prospective jurors on the basis of purely subjective reasoning such as that explained by the defense in this case. Other examples of this type of reasoning are: a juror’s reluctance to look counsel in the eye while answering questions; a juror’s lack of attention to the proceedings; a juror’s inability to remain awake during voir dire examination; or a juror’s unfriendly or hostile tone while answering questions. See Dean v. State, 703 So.2d 1180, 1181 (Fla. 3d DCA 1997). Such reasons are facially race neutral because they are not based on race. See Johnson, 706 So.2d at 404. Accordingly, they satisfy the requirements of Melbourne’s step 2 analysis. They are, however, highly suspect and must be closely scrutinized for pretext, as such subjective appraisals can be based on impermissible discriminatory instincts. Nevertheless, where the trial judge has made the same observations as counsel and can therefore confirm the genuineness of counsel’s reasons, the strike should be allowed. If the judge was attentive but did not observe the alleged juror behavior, the peremptory should be denied.[1]
Although the judge’s ruling erroneously concludes that the proffered reason was not race or gender neutral, which finding would have obviated the need to proceed to step 3 of the Melbourne analysis, we conclude that the judge did, in fact, find a lack of genuineness in the proffered reason as required by step 3. The record establishes that the judge inverted steps 2 and 3, addressing the latter first. Thus, the Court first concluded that there was nothing unusual about the way the prospective juror answered the question at issue. In other words, the judge did not believe the proffered reason was genuine.[2] Had the judge concluded that the defendant’s reason was not race neutral and then failed to address step 3, the error would have been reversible. Because the judge conducted the step 3 analysis we find no error.[3]
Although the judge did not specifically follow the Melbourne analysis in the order set forth by the Florida Supreme Court, after reading his ruling in context, we conclude that he properly addressed the issue of pretext and that his conclusion was not clearly erroneous.
Affirmed.

. The only remaining scenario is where the judge can neither confirm or deny the juror’s alleged behavior. This Court resolved that situation in English v. State, 740 So.2d 589 (Fla. 3d DCA 1999).

. It has been determined that there are no magic words that must be uttered by the trial judge in order to fulfill the Melbourne requirements. Michelin North America, Inc. v. Lovett, 731 So.2d 736, 741 (Fla. 4th DCA 1999); see also Davis v. State, 691 So.2d 1180, 1183 (Fla. 3d DCA 1997).

.As we have in the past, see Anderson v. State, 750 So.2d 741 (Fla. 3d DCA 2000); Greene v. State, 718 So.2d 334 (Fla. 3d DCA 1998); Johnson, we emphasize the importance of adherence to each step of Melbourne’s three-step analysis, in the order set forth by the Supreme Court.