789 So.2d 1211 (2001)
William Franklin SHARP, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1153.
District Court of Appeal of Florida, Fifth District.
July 20, 2001.
*1212 James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
William Franklin Sharp appeals his conviction for two counts of sexual battery in violation of section 794.011(2)(a), Florida Statutes (1997). We consider only his complaint that the trial court erred when it found that his exercise of a peremptory challenge was gender biased without following the complete inquiry required by Melbourne v. State, 679 So.2d 759 (Fla. 1996). The argument made in support of the other issue was not made before the trial court and we decline to consider it on appeal.
During jury selection, Sharp exercised his peremptory challenges to strike four women jurors. After striking the fourth, the State objected and requested that the trial court determine whether the defense was striking the jurors for gender reasons. Defense counsel then explained his reason for exercising the four peremptory challenges. We limit our discussion to the peremptory challenge made to juror McGuiness, the only challenge that was preserved for appeal.
The defense's explanation was an expression of concern that "[the prospective juror] was involved in training girls of the same age of the allegations regarding bad touches, good touches, as part of the Brownies, and that ... would ... give us a reason to fear, of course, that she would not be an unbiased juror and that she would carry into it certain prejudices." The trial court found the proffered reason to be gender biased and ordered that McGuiness be seated as a juror.
In Melbourne v. State, 679 So.2d 759 (Fla.1996) the Supreme Court established the following analysis for determining the racial, ethnic, and/or gender neutrality and genuineness of a peremptory challenge.
Step 1 A party objecting to the other side's use of a peremptory challenge on racial, ethnic, and/or gender grounds must: a) make a timely objection on that basis, b) show that the venire person is a member of that distinct group, and c) request that the court ask the striking party its reason for the strike.
Step 2 At this point, the burden of production shifts to the proponent of the strike to come forward with a race, ethnic, and/or gender neutral explanation.
Step 3 If the explanation is facially race, ethnic, and/or gender neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.
See id. at 764; see also Greene v. State, 718 So.2d 334 (Fla. 3d DCA 1998); Johnson v. State, 706 So.2d 401 (Fla. 3d DCA 1998). It must be remembered however that during the inquiry by the court, "the burden of persuasion never leaves the opponent of the strike to prove ... discrimination...." Melbourne, 679 So.2d at 764.
In the instant case, the State complied with first step of the process by *1213 requesting the trial court to make an inquiry to ensure that defense counsel was not striking the jurors for gender reasons. Defense counsel then proffered a reason for his peremptory challenge of juror McGuinesshis fear that she would not be an unbiased juror based on her involvement with young girls and that she may have taught them about inappropriate touching. The trial court was obligated at this point to assess the gender neutrality of defense counsel's explanation. Notably, this step of the process does not demand an explanation that is persuasive or even plausible. See Johnson v. State, 706 So.2d 401 n. 1 (Fla. 3d DCA 1998). The issue is the facial validity of the explanation and unless discriminatory intent is inherent in the explanation, the reason must be deemed race, ethnic, and/or gender neutral. See id. (quoting Purkett v. Elem, 514 U.S. 765, 767-68, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995)).
There is no requirement for the trial court to articulate the thought process used in concluding that the reason given for the strike was pretextual. An appellate court is compelled to affirm a trial court's finding of a pretext unless it is clearly erroneous. See id. In the instant case, the trial court's finding that the reason for the peremptory challenge was not valid was reached after conducting an analysis and is supported by the record. All four of the defense's peremptory challenges were exercised against prospective female jurors. The trial court disallowed only two of the challenges after giving consideration to the reasons, and our review of the record discloses that juror McGuiness at issue never made the statement that she trained children about "good" and "bad touches." The prospective juror simply stated that she was a leader for the Brownies and Girl Scouts and would "just talk to the [girls] ... about maybe strangers ..." twenty years before. She was specifically asked about whether she was involved in any kind of teaching or training involving sexual abuse, good touches or bad touches and she responded in the negative.
The trial court found that the reason expressed for the exercise of the peremptory challenge was pretextual, and this was not clearly erroneous. The judgment and sentence are affirmed.
AFFIRMED.
PETERSON, GRIFFIN and ORFINGER, R.B., JJ., concur.