790 So.2d 1219 (2001)
Jose Manuel ROJAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-494.
District Court of Appeal of Florida, Third District.
August 8, 2001.
*1220 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and FLETCHER, JJ.
FLETCHER, Judge.
We must reverse Rojas' conviction because the trial court erred when it disallowed Rojas' peremptory strike of a proposed juror. As we have been faced with a barrage of appeals in which it is contended that peremptory challenges were improperly rejected by the trial court, we remind all concerned of the process required to be followed in judging the propriety of peremptory challenges.
"The resolution of whether a peremptory challenge is to be allowed by the trial judge where a party objects to the other side's use thereof as being racially based is to be reached in a three-step process. The first step requires the non-striking party to make a timely objection that the peremptory challenge is based on racial grounds; to show that the venireperson is a member of a distinct racial group; then to request that the court ask the striking party to explain the reason for the strike. See Melbourne v. State, 679 So.2d 759, 764 (Fla.1996).
The second step in the process requires the proponent of the strike to come forward with a race neutral explanation. If the proponent's explanation is facially race neutral, then the court must take the third step. That is, the court must decide whether the facially race neutral explanation is or is not a pretext, given all the circumstances surrounding the strike. The trial court's focus in step three is not on the reasonableness of the explanation, but rather its genuineness. In evaluating genuineness the trial court is analyzing a subjective issue, the decision turning primarily on the trial court's assessment of the striking party's credibilitywhich is solely within the purview of the finder of fact. If the court finds the explanation is not pretextual the strike will be sustained. Melbourne, 679 So.2d at 764."[1]
Pringle v. State, 792 So.2d 533 (Fla. 3d DCA 2001).
In making its ruling the trial court needs to keep in mind that it is dealing with a peremptory strike, not one for cause. Separating in one's mind the *1221 "rules" relating to peremptory challenges from those relating to cause challenges makes the trial court's task less confusing (which, in defense of the trial judge, we recognize it can be).
However, we must reverse because the denied strike should have been allowed as the reason given for Rojas' strike was a gender neutral one[2] contrary to the trial court's conclusion that it was not.
Reversed and remanded for a new trial.
NOTES
[1] Gender-based challenges are prohibited as well, Abshire v. State, 642 So.2d 542 (Fla. 1994); Pringle v. State, 792 So.2d 533 (Fla. 3d DCA 2001) at footnote 1. Our discussion here is applicable thereto.
[2] The proposed juror's husband is a federal law enforcement officer. Rojas defended his strike on this basis, which is gender neutral.