879 So.2d 1261 (2004)
James RUSSELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2658.
District Court of Appeal of Florida, Third District.
August 11, 2004.
*1262 Bennett H. Brummer, Public Defender and Howard K. Blumberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Angel L. Fleming, Assistant Attorney General, for appellee.
Before GREEN, RAMIREZ, and SHEPHERD, JJ.
PER CURIAM.
James Russell appeals his conviction and sentence for assault after a jury trial. His sole contention on appeal is that the trial court erroneously denied his peremptory challenge to a prospective juror. We agree and therefore reverse and remand for a new trial.
During voir dire, a Hispanic, female venireperson told the court that her ex-husband had served nine years in prison on federal charges for conspiracy to traffic in drugs and evade taxes. When asked if she harbored any resentment against law enforcement based upon her ex-husband's experience, she said, "No, I don't .... my brother is a sergeant and he has been a police officer for over ten years. So I have had to keep a happy medium in my family with my ex-husband being in his situation incarcerated and my brother being in law enforcement."
The defense moved to peremptorily strike this juror. The State challenged the motion, noting that the juror, as a Hispanic woman, was a member of a protected class.[1] The judge asked defense counsel to state his reason for the strike. The attorney replied that it was based on "pure gut." The judge rejected this justification as a race-neutral reason and gave defense counsel still another opportunity to provide a race-neutral, gender-neutral reason for the strike. Defense counsel then stated that the juror might be pro-state because her brother is a law enforcement officer. The judge found this not to be a race- or gender-neutral reason and denied the peremptory challenge. The trial court accordingly declined to make a finding as to the genuineness of this proffered reason.[2] The juror in question served on the jury which ultimately found Russell guilty of assault. This appeal followed.
In Melbourne v. State, 679 So.2d 759 (Fla.1996), the Florida Supreme Court set forth a three-step process for a trial court's determination of whether a proposed peremptory challenge is being used in a discriminatory manner. Id. at 764-65. First, the party objecting to the peremptory *1263 challenge on racial, ethnic or gender grounds must make a timely objection on that basis, show that the venireperson is a member of a protected class, and request that the court ask the striking party its reason for the strike. Id. at 764.
Second, the proponent of the strike must give a race-neutral reason for the strike.[3]Id. The reason must also be gender neutral. Abshire v. State, 642 So.2d 542, 544 (Fla.1994). If the explanation is not facially gender neutral and race neutral, the inquiry ends and the strike is denied. Melbourne, 679 So.2d at 764 n. 7.
If, however, the attorney gives a facially race-neutral reason, the court must move to the third step, which requires the judge's assessment of whether the proffered reason is genuine or pretextual. See id. at 764. The Florida Supreme Court has stressed that the burden of persuasion throughout this process remains on the opponent of the strike to prove purposeful discrimination and that peremptory challenges are presumed to be exercised in a nondiscriminatory manner. Id.
Here, it is uncontested that the State met the requirements of the first step by timely objecting to the strike, indicating the venireperson's membership in a protected class, and requesting that the defense give a race-neutral reason for the strike.
It was then up to the defense counsel to provide a race-neutral rationale for the strike. He accomplished this by noting that the prospective juror had a relative on a police forcea reason that has been repeatedly found to be a valid, race neutral and gender neutral reason for a peremptory strike. See, e.g., Rojas v. State, 790 So.2d 1219, 1221 (Fla. 3d DCA 2001); Czaja v. State, 674 So.2d 176, 177 (Fla. 2d DCA 1996); Alexander v. State, 643 So.2d 1151, 1152 (Fla. 3d DCA 1994). Thus, the judge's failure to accept this as a facially neutral reason for the strike was erroneous as a matter of law. See Anderson v. State, 750 So.2d 741, 743 (Fla. 3d DCA 2000)(stating that appellate courts look only to the facial neutrality of the reason in reviewing step 2). This error was then compounded by the court's explicit refusal to move to step 3 of the Melbourne analysis and assess the genuineness of the proffered reason. Where a judge incorrectly rejects a facially race-neutral reason for striking a juror and then fails to inquire into the genuineness of the reason, the courts have found this to be per se reversible error. Anderson, 750 So.2d at 744; Washington v. State, 773 So.2d 1202, 1204 (Fla. 3d DCA 2000); see also Gilliam v. State, 514 So.2d 1098, 1099 (Fla.1987); Rogers v. State, 844 So.2d 728, 736-37 (Fla. 5th DCA 2003); Austing v. State, 804 So.2d 603, 604-05 (Fla. 5th DCA 2002). We therefore reverse Russell's conviction and sentence and remand for a new trial.
Reversed.
NOTES
[1] This required that the defense counsel give a race-neutral, gender-neutral reason for striking the juror and, if counsel met this requirement, that the trial court determine whether counsel's reason was genuine or merely pretextual. See Melbourne v. State, 679 So.2d 759 (Fla.1996).
[2] Specifically, the judge stated: "We can't get to [part three of the Melbourne analysis], unless we pass [part two]. [Part two] is there has to be a race, ethnic, or gender neutral reason.... The reasons you gave me so far do not meet the standard of a race, ethnic or gender neutral reason based upon the answers she's given here. They just don't. So what we're going to have to do is deny your peremptory challenge...."
[3] A race-neutral reason is simply one that is not based on race. Washington v. State, 773 So.2d 1202, 1203 (Fla. 3d DCA 2000).