KAHN, J.,
dissenting.
I find the Attorney General’s confession of error on the jury selection issue both highly professional and highly perceptive. This case turns on the issue of “genuineness” of defense counsel’s gender-neutral reason for the attempted peremptory strike. Defense counsel’s concern about the prospective juror’s familial relationship with law enforcement officers has been explicitly upheld as gender-neutral. See Rojas v. State, 790 So.2d 1219, 1221 n. 2 (Fla. 3d DCA 2001). As a practical matter, I can scarcely envision a situation where a defense lawyer might not, at a gut level, whether justified or not, feel concern about defending a person accused of a serious felony before a jury comprised, even in part, of members with close relationships with law enforcement officers. As we well know, the focus in step three of the analysis under Melbourne v. State, 679 So.2d 759, 764 (Fla.1996), is “not on the reasonableness of the explanation, but rather its genuineness.”
I acknowledge that the majority has correctly recited the case law stating the trial court’s decision in these instances involves primarily a question of credibility. Nevertheless, I believe that, under the present facts, a determination of genuineness is subject to a largely objective standard, one that I would find clearly satisfied in the present circumstance. Moreover, deference to the learned trial judge’s determination of pretext seems to me to be an invitation to arbitrary results in these types of cases. I say this because, until this decision, most criminal lawyers, both for the prosecution and the defense, believed that a prospective juror’s relationship with law enforcement officers would certainly be an important consideration in determining whether that juror would remain on the panel for a criminal case.
Finally, I am not impressed by defense counsel’s initial response to the request for a gender-neutral justification. As the majority notes, counsel said, “I don’t have a gender neutral reason.” My review of the transcript suggests that this statement more or less came out because defense counsel was completely surprised by the prosecution’s objection, and, most likely, had never even considered in his own mind that he was focusing on the gender of the prospective witness, rather than upon her relationship with the law enforcement officers.
*105 For these reasons, I respectfully dissent and would reverse the conviction under review and remand the case for a new trial.