PER CURIAM.
Appellant seeks review of a commitment order entered under the Jimmy Ryce Act. He contends that the trial court erred by denying his peremptory challenge to a female juror, by admitting unreliable hearsay evidence concerning victims G.B. and L.J., and by preventing him from attacking the credibility of these victims based on their past crimes of dishonesty. We reverse and remand for a new trial because the trial court erred in denying the peremptory challenge.[1]
During jury selection Appellant sought to use a peremptory challenge on a young, female prospective juror. The State objected to the challenge and asked for a gender-neutral reason, noting that Appellant previously struck one prospective female juror and attempted to strike another. Defense counsel replied that the prospective juror at issue was young and did not appear to be strong in her convictions. Counsel expressed concern that the juror would be influenced by other jurors if her views were in the minority. The trial court denied the challenge, stating in reference to defense counsel’s reason for the strike: “I don’t believe it’s gender-neutral.” This was error.
The three-step procedure in Melbourne v. State, 679 So.2d 759 (Fla.1996), applies where, as here, a party objects to the use of a peremptory challenge on gender grounds. First, the objecting party must make a timely objection, show that the prospective juror is a member of a distinct protected group (here, female), and request that the moving party provide its reason for the strike (step one). Id. at 764. The burden then shifts to the proponent of the strike to present a gender-neutral explanation for striking the disputed juror (step two). Id. If the court finds that the proffered reason is not facially neutral, it must sustain the objection to the strike. Id. at 764 n. 7 (“If the explanation is not facially neutral, the inquiry is over; the strike will be denied.”). Otherwise, the court should inquire of the opponent of the strike as to why the proffered reason is pretextual and, then, based on all the attendant circumstances, the court must determine whether the proffered reason was “genuine” or merely a pretext for a discriminatory motive (step three). Id. at 764; see also Hayes v. State, 94 So.3d 452, 461-64, 2012 WL 1123745 (Fla. 2012).
The error in this case occurred in step two. The issue before the trial court in step two is the facial neutrality of the proponent’s reason for the strike, and unless a discriminatory intent is apparent in the reason, the court should find the reason to be neutral. See Melbourne, 679 So.2d at 763; see also Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859,114 L.Ed.2d 395 (1991) (explaining in the context of an objection to a preemptory challenge to a racial minority that “[a] neutral explanation ... means an explanation based on something other than the race of the juror”). This is true even if the reason given is not persuasive or even plausible. *429 Melbourne, 679 So.2d at 768 (quoting Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769,1771, 131 L.Ed.2d 834 (1995)).
Here, the reason given by defense counsel for the peremptory challenge was that the prospective juror was young and malleable. This reason, on its face, is gender-neutral. See, e.g., Cobb v. State, 825 So.2d 1080 (Fla. 4th DCA 2002) (holding that the State’s explanation for the use of a peremptory strike, that the prospective juror was young and a student, was facially race-neutral). Accordingly, the trial court should have determined that the reason was gender-neutral and then proceeded with the third step in the Melbourne analysis to determine whether the reason was genuine.
The State concedes that the proffered reason for the strike was facially gender-neutral, but argues that the record suggests that the trial court’s ruling was actually intended to be a finding that the reason was not genuine. We reject this argument because, although a trial court is not required to follow a specific script or incant particular words in conducting the Melbourne analysis, see Hayes, 94 So.3d at 463, we have to assume that the trial court in this case said what it meant and meant what it said in ruling that the reason for the strike was not gender-neutral. Indeed, under these circumstances, it would be improper for this court to assume that the trial court conducted a genuineness inquiry and determined that the reason for the strike was pretextual. Id. at 463 (“[WJhere the record is completely devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court ... cannot assume that a genuineness inquiry was actually conducted in order to defer to the trial court.”).
The trial court’s erroneous determination that the proffered reason for the peremptory challenge at issue in this case was not gender-neutral and its subsequent failure to carry out step three of the Melbourne analysis constitutes per se reversible error. Id. at 464-65; see also Russell v. State, 879 So.2d 1261 (Fla. 3d DCA 2004) (holding that the per se reversible error occurred in the trial court’s failure to accept a facially race-neutral reason for a strike and failing to then inquire as to the genuineness of the reason); Anderson v. State, 750 So.2d 741, 744 (Fla. 3d DCA 2000) (reversing and holding that the trial court erred in finding that the defense’s reason for a peremptory strike was not facially race or gender-neutral and failing to carryout step three of the Melbourne analysis). Accordingly, we are compelled to reverse the order on appeal and remand for a new trial.
REVERSED and REMANDED.
DAVIS, WETHERELL, and SWANSON, JJ„ concur.

. In light of this disposition, we need not reach Appellant’s additional arguments on appeal. However, we note that the State properly conceded at oral argument that the trial court erred in preventing Appellant from impeaching the victims with their prior crimes of dishonesty. See § 90.610(1), Fla. Stat. ("A party may attack the credibility of any witness ... by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year ... or if the crime involved dishonesty or false statement regardless of the punishment....”); § 90.806(1), Fla.Stat. (providing that a hearsay declarant may be impeached in the same manner as a witness who testified at trial).