# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1941
Lower Tribunal Nos. 99-570-A-K, 12-247-A-K and 11-818-A-K

_____

**Tod Geoffrey Helfrich,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Carlos J. Martinez, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General and Natalia Costea, Assistant Attorney General, for appellee.

Before EMAS, C.J., and SALTER[1] and FERNANDEZ, JJ.

PER CURIAM.

Tod Geoffrey Helfrich appeals his conviction, sentence, and denial of pre-trial and post-trial motions. Helfrich was charged and found guilty of grand theft

_____

[1] Judge Salter did not participate in oral argument.

auto, fraudulent use of personal information, fraudulent use of a credit card, robbery with a deadly weapon, and felony murder, as a habitual offender. The trial court sentenced him to life without parole. The two issues on appeal concern (1) the peremptory challenge of prospective juror Corn and (2) the trial court's failure to issue a written order specifying the conditions of probation that had been violated, in conformance with the trial court's oral revocation of probation. After review of the record, we affirm in part and reverse in part.

Based on the abuse of discretion standard, we find nothing in the record that compels this Court to hold that the trial court failed to conduct a genuineness analysis in applying Melbourne to the preemptory strike challenge. Nowell v. State, 998 So. 2d 597, 602 (Fla. 2008); Melbourne v. State, 679 So. 2d 759 (Fla. 1996). We, therefore, affirm as to this issue.

Responding to our colleague's dissent, we disagree that our affirmance conflicts with the cases cited in the dissenting opinion. In this case, (1) the objection made by the defense never specified juror Corn's race; (2) the defense never contended that the State's proffered reasons were pretextual (as opposed to merely disagreeing with the characterization of juror Corn's responses by the State); and (3) there was no basis offered, and none is apparent in the record, to suggest disparate or "non-race neutral" treatment of juror Corn in the context of

2

other voir dire questioning, peremptory strikes, or the resulting composition of the jury.

Melbourne holds that, throughout all three steps of a challenge, "the burden of persuasion never leaves the opponent of the strike to prove purposeful discrimination." 679 So. 2d at 764. While the appellant and our dissenting colleague are correct that the colloquy relating to juror Corn was less precise than it might have been, we cannot say that the trial court abused its discretion or that the defense carried its burden to demonstrate pretext or anything approaching "purposeful discrimination."

As to the absence of an order of revocation, the State concedes that the trial court failed to issue a written order on the violations of probation. We agree and reverse and remand to the trial court to issue the required written order specifying the conditions that were violated. See Burt v. State, 931 So. 2d 1005, 1006 (Fla. 3d DCA 2006); Lumpkin v. State, 717 So. 2d 122, 123 (Fla. 4th DCA 1998).

Affirmed in part; reversed in part and remanded.

SALTER and FERNANDEZ, JJ., concur.

EMAS, C.J., dissenting.

The majority affirms the judgment and sentence in this case, holding that the trial court followed the dictates of <u>Melbourne v. State</u>, 679 So. 2d 759 (Fla. 1996). I dissent, because the trial court's statement "I'm going to allow the strike at this time" is simply insufficient for a reviewing court to be able to conclude that the trial court "implicitly" conducted the genuineness analysis, or "implicitly" made the genuineness finding, required by the third step of the three-step process established in <u>Melbourne</u>.[2]

As the Florida Supreme Court explained in <u>Rodriguez v. State</u>, 753 So. 2d 29, 40 (Fla. 2000):

---

[2] I would also hold, contrary to the majority opinion, that this issue was properly preserved and that, consistent with the requirements of <u>Spencer v. State</u>, 238 So. 3d 708 (Fla. 2018)(plurality opinion) and <u>Floyd v. State</u>, 569 So. 2d 1225 (Fla. 1990), the defendant did place the trial court on notice that he was contesting the factual accuracy and the genuineness of the reasons asserted by the State for its peremptory challenge of the prospective juror. The State's purported reasons for the peremptory (that the juror "wasn't paying attention", "was equivocal," and "his answers wavered") were never confirmed by the trial court, nor were they supported by the record. <u>See</u> <u>Dorsey v. State</u>, 868 So. 2d 1192, 1199 (Fla. 2003) (holding "the proponent of a strike based on nonverbal behavior may satisfy its burden of production of a race-neutral reason during the second step of the process described in <u>Melbourne</u> only if the behavior is observed by the trial court or otherwise has record support. Once this burden of production is satisfied, the proponent is entitled to the presumption that the reason is genuine"); <u>Wright v. State</u>, 586 So. 2d 1024 (Fla. 1991).

In step (3), the court's focus is on the genuineness and not the reasonableness of the explanation. Further, the relevant circumstances that the court is to consider in determining whether the explanation is pretextual include such factors as the racial makeup of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged venireperson; or singling out the venireperson for special treatment. On appeal, peremptory challenges are presumed to be exercised in a nondiscriminatory manner, but the trial court's decision, which turns primarily on an assessment of credibility, will be affirmed on appeal unless clearly erroneous.

(Internal citations omitted).

If the record contains no evidence that the trial court conducted a genuineness analysis, and contains no evidence that the trial court considered any of the factors that inform a genuineness analysis, how can a reviewing court properly conclude that such an analysis was "implicitly" conducted or that a genuineness finding was "implicitly" made? Quite simply, it cannot, and to hold otherwise essentially reduces the Melbourne's three-step process to a mere two steps, eliminating what has been described as "the penultimate decision and *raison d'etre* for the analysis. Without Step 3, the protection against an improper discriminatory peremptory challenge is lost." Johnson v. State, 44 Fla. L. Weekly D34 at *7 (Fla. 4th DCA Dec. 19, 2018). See also Hayes v. State, 94 So. 3d 452, 462 (Fla. 2012) (observing that "the genuineness of the explanation is the yardstick with which the trial court will determine whether or not the proffered reason is pretextual.")

5

I am mindful of the fact that no magic words are required of the trial court to comply with Melbourne's genuineness analysis. But it appears we may be drifting in the direction where **no words** (magic or otherwise) are required of the trial court to comply with Melbourne's genuineness analysis.

If the third step of Melbourne's three-step analysis is anachronistic, incapable of reliable application, or otherwise jurisprudentially unsound, it is time to say so expressly and definitively, rather than witness its *sub silentio* death by a thousand paper cuts. On the other hand, if the third step of Melbourne's three-step analysis is to have continued vitality, we cannot ignore its command. The Florida Supreme Court recognized this much in Hayes, 94 So. 3d at 463-64:

> [W]here the record is completely devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court, which is confined to the cold record before it, cannot assume that a genuineness inquiry was actually conducted in order to defer to the trial court. This same reasoning applies to instances where the record affirmatively indicates that the trial court engaged in the wrong legal analysis. Deferring to the trial court's genuineness determination on appeal when no such determination has been made invites an arbitrary result.

Given the absence of any record evidence from which we can conclude that the trial court engaged in a genuineness analysis, or determined that the proffered reason for the strike was genuine, the majority's affirmance is contrary to, and in conflict with, our own precedent[3] as well as that of the Florida Supreme Court.[4]

---

[3] See, e.g., Ellis v. State, 152 So. 3d 683 (Fla. 3d DCA 2014); Anderson v. State,

I therefore respectfully dissent, and would reverse for a new trial.

750 So. 2d 741 (Fla. 3d DCA 2000); <u>Greene v. State</u>, 718 So. 2d 334 (Fla. 3d DCA 1998); <u>Davis v. State</u>, 691 So. 2d 1180 (Fla. 3d DCA 1997).

[4] <u>See, e.g.</u>, <u>Dorsey</u>, 868 So. 2d at 1202; <u>Hayes v. State</u>, 94 So. 3d 452 (Fla. 2012); <u>Nowell v. State</u>, 998 So. 2d 597 (Fla. 2008); <u>Rodriguez v. State</u>, 753 So. 2d 29 (Fla. 2000).