762 So.2d 1030 (2000)
Khaled Abu HAMDEH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-533.
District Court of Appeal of Florida, Third District.
July 19, 2000.
*1031 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and M. Rebecca Springer, Assistant Attorney General (Fort Lauderdale), for appellee.
Before GERSTEN, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Khaled Abu Hamdeh ("defendant"), appeals his conviction and sentence for second-degree murder. Because the trial court erred in refusing to allow a peremptory strike, we reverse.
The defendant shot and killed African-American Charles Nelson ("victim") in the Scott's Market store, located in Liberty City. Immediately after the shooting, the police questioned the defendant. The defendant, who owned Scott's Market, claimed that he shot the victim in self-defense. The police released the defendant, which resulted in outrage in the African-American community with concomitant rioting in the neighborhood. This highly publicized shooting was featured on television and in a number of newspaper articles.
Thereafter, the State filed an information charging the defendant with second degree murder. At trial, during voir dire, defense counsel questioned prospective jurors regarding their exposure to pretrial publicity. Upon questioning, African-American juror, Zealous Newton ("Newton"), stated that he had heard about the case from the news and from friends who lived near the crime scene.
Defense counsel then attempted to exercise a peremptory challenge to excuse Newton. The State noted that Newton was an African-American and sought an explanation for the challenge. Defense counsel responded, stating that the challenge concerned Newton's extrajudicial knowledge of the case:
[Newton] is familiar with the Scott's Market area. He is familiar with the case. He basically did his own investigation when he went out and talked to people in the community, spoke about the facts of the case. I think that is more than sufficient reason to strike him.
*1032 The trial court denied the strike. Defense counsel then pointed out that defense peremptory challenges had been used to excuse every single juror, regardless of race, who had been exposed to information about the case. The trial court responded: "I think you heard the Court's ruling."
The case proceeded to trial, and the jury found the defendant guilty as charged. The defendant appeals his conviction and sentence claiming, inter alia, that the trial court erred in denying the peremptory challenge to excuse juror Newton. We agree.
The exercise of a peremptory challenge is presumed to be nondiscriminatory. See Porter v. State, 708 So.2d 338 (Fla. 3d DCA 1998); Dean v. State, 703 So.2d 1180 (Fla. 3d DCA 1997). A party who objects to the use of a peremptory challenge has a heavy burden to show that members of a distinct racial group are being challenged solely because of their-race. See Johnson v. State, 752 So.2d 61 (Fla. 2d DCA 2000); Young v. State, 744 So.2d 1077 (Fla. 4th DCA 1999); Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997).
The court's focus in determining whether the strike is pretextual is not on the reasonableness of the explanation but on the genuineness. See Burris v. State, 748 So.2d 332 (Fla. 4th DCA 1999). Throughout this process, the burden of proving purposeful discrimination never leaves the opponent of the strike. See Melbourne v. State, 679 So.2d 759 (Fla. 1996).
Here, the record reflects Newton heard extra-judicial information regarding the case and that all other peremptory challenges based on a juror's knowledge of the case were found non-pretextual. There is no record support for the trial court's finding of pretext and we note that exposure to inadmissible and prejudicial information through pretrial publicity is a classic example of a valid ground for a cause challenge, let alone a peremptory challenge. See Kessler v. State, 752 So.2d 545 (Fla.1999); Bolin v. State, 736 So.2d 1160 (Fla.1999); Kelvin v. State, 610 So.2d 1359 (Fla. 1st DCA 1992).
For the foregoing reasons, the trial court's denial of the defendant's peremptory challenge as to Newton constitutes clear error and a new trial is required. See Michelin North America, Inc. v. Lovett, 731 So.2d 736 (Fla. 4th DCA), review denied, 751 So.2d 51 (Fla.1999).
Reversed and remanded.