RAMIREZ, J.
 

 Leopole Julmice appeals his conviction and sentences for four counts of attempted second-degree murder as lesser included offenses of the charged offenses. The sole issue on appeal is whether the trial judge erred in preventing defense counsel from striking a white male juror based on the court’s finding that the juror clearly indicated that he could be fair. Because the court engaged in the wrong analysis when confronted with the prosecution’s objection, we reverse.
 

 I.
 

 During the voir dire the trial judge had the following conversation with Juror Grant:
 

 THE COURT: Mr. Grant, how are you, sir?
 

 PROSPECTIVE JUROR GRANT: Good, your Honor.
 

 THE COURT: You are actively duty in the military?
 

 PROSPECTIVE JUROR GRANT: Yes.
 

 THE COURT: U.S. Navy?
 

 PROSPECTIVE JUROR GRANT: Yes.
 

 THE COURT: You are on leave I imagine?
 

 PROSPECTIVE JUROR GRANT: I am at United States southern command.
 

 THE COURT: So, you are at Southern Command?
 

 PROSPECTIVE JUROR GRANT: Yes.
 

 THE COURT: That’s your post.
 

 Let’s see, you are married?
 

 PROSPECTIVE JUROR GRANT: Yes.
 

 
 *1201
 
 THE COURT: Your wife is a housewife?
 

 PROSPECTIVE JUROR GRANT: Yes.
 

 [[Image here]]
 

 THE COURT: You never served as a juror before?
 

 PROSPECTIVE JUROR GRANT: No.
 

 THE COURT: And have you, or close friend, family member ever been victim of a crime?
 

 PROSPECTIVE JUROR GRANT: Yes, your Honor.
 

 THE COURT: What was that?
 

 PROSPECTIVE JUROR GRANT: Vehicle broken into a couple of occasions.
 

 THE COURT: That was here in Miami-Dade County?
 

 PROSPECTIVE JUROR GRANT: Yes.
 

 THE COURT: Did they ever catch the people responsible?
 

 PROSPECTIVE JUROR GRANT: No, they did not.
 

 THE COURT: You have been a witness in trial proceedings?
 

 PROSPECTIVE JUROR GRANT: In the Navy, some Navy proceedings administrative discharge court-martial.
 

 THE COURT: When was the last time you were a witness in the trial proceeding?
 

 PROSPECTIVE JUROR GRANT: It’s been probably twelve, thirteen years.
 

 THE COURT: Okay. You have friends or relatives who are attorneys?
 

 PROSPECTIVE JUROR GRANT: Yes, your Honor.
 

 THE COURT: What kind of attorneys?
 

 PROSPECTIVE JUROR GRANT: Mostly civil.
 

 THE COURT: And have you, or close friend, family member ever been arrested or accused of a crime?
 

 PROSPECTIVE JUROR GRANT: No, your Honor.
 

 THE COURT: Could you be fair and impartial in this case?
 

 PROSPECTIVE JUROR GRANT: Yes, your Honor.
 

 THE COURT: Thank you.
 

 During the selection process defense counsel attempted to exercise a peremptory challenge on Juror Grant. The prosecution objected to the strike stating: “there is one white person on the panel, defense counsel struck every other white person thus far.” Defense counsel proffered the following race-neutral reasons for striking Juror Grant.
 

 DEFENSE COUNSEL: Grant is a member of the arm forces. He’s a commander in Florida, upon questioning his response was he had been involved in the court-martial process. These individuals are removed from the military, and they are disciplinarians. His involvement in the military, his involvement with court-martial, his position in the commander in the military, we could exercise a peremptory challenge.
 

 PROSECUTOR: I believe counsel specifically asked him about all those things, he said he would be fair.
 

 DEFENSE COUNSEL: I have no question whether he can be fair. I need to have a reason which is valid for, in other words it’s improper, it’s not a white person on trial.
 

 THE COURT: The Court would note Mr. Grant was extensively asked by the Court and by attorney for the State, and may be even defense, he said he could be fair. The fact he was involved in
 
 *1202
 
 court-martial is not clear whether he could have been for the defense or for the prosecution that wasn’t brought out, but one thing the Court was very impressed with, he would be fair in that he could be impartial, In fact, the Court essentially rejects the fact his active duty would be a disqualification, and would find that it’s pretestrial [sic] under the circumstances, the Court finds he is a white male and will not accept the peremptory challenge as to Brian Grant.
 

 DEFENSE COUNSEL: Is the Court making the finding it’s prestestrial [sic] reason, the fact the individual also been a victim of a crime, according to his own report in the jury questionnaire as to the ear broken into.
 

 THE COURT: It’s given the fact pattern of attempting to strike every white potential juror that’s been set forth.
 

 DEFENSE COUNSEL: All the victims in this case are black police officers.
 

 PROSECUTOR: That is not correct.
 

 DEFENSE COUNSEL: Four of the five.
 

 THE COURT: I already made my ruling.
 

 DEFENSE COUNSEL: I am trying to make the record, four of the police officers that were black were victims in this case.
 

 THE COURT: That is fine, anything further?
 

 DEFENSE COUNSEL: No, Judge. It’s a peremptory challenge.
 

 THE COURT: I understand. Okay. That brings us to James Collier.
 

 At the conclusion of the voir dire defense counsel renewed his objection to the trial judge’s ruling denying him the right to use a peremptory challenge as to Juror Grant.
 

 At the conclusion of the evidence and after defense counsel’s motion for judgment of acquittal was denied, defense counsel renewed his objection to the trial judge’s decision to deny him the right to exercise a peremptory challenge on Juror Grant. At that point, the state once again argued that the reason given was not a race-neutral reason and that defense counsel’s previous strikes had exhibited a pattern of striking white jurors. After hearing argument of counsel the court once again placed on the record that the reason why he was denying the strike was because there was no race-neutral reason given. This is evidenced by the following statement made by the trial judge:
 

 The court will note in that matter, on one hand a pattern up to that point of seeking to strike a white male from the juror, that changed that course, but the Court found that was the case, and that there was no race-neutral reason given. In addition, the defense’s assertion given this juror’s service in the military was a commander in the United States Navy, posted at the southern command, he’s been involved in a court martial, the court finds that has no bearing, no relationship to this trial, and it’s not a valid basis. The court will renew that finding, that it was not a proper attempt and proper peremptory challenge.
 

 After deliberations the jury found defendant guilty of four counts of attempted second degree murder, which were lesser included offenses of the charged offenses, and false imprisonment which was a lesser included offense of the kidnapping count. The jury found defendant not guilty of the burglary count. The court sentenced defendant to life imprisonment as to the attempted second degree murder counts and five years as to the false imprisonment count. All of the sentences were ordered to run consecutive with each other.
 

 
 *1203
 
 II.
 

 In
 
 Melbourne v. State,
 
 679 So.2d 759, 764 (Fla.1996), the Supreme Court of Florida established the following analysis for determining the racial, ethnic, and/or gender neutrality and genuineness of a peremptory challenge:
 

 [Step 1.] A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.
 

 [Step 2.] At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation.
 

 [Step 3.] If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained.
 

 When defense counsel moved to exercise a peremptory challenge on Juror Grant, the state requested a race-neutral reason for the strike arguing that defense counsel had used his two previous peremptory challenges against white male jurors. These had involved a juror who was an attorney and had been a victim of a crime. The other juror was stricken because his daughter’s flaneé was a police officer. The trial court properly requested a valid race-neutral reason for the peremptory strike. It is undisputed that defense counsel proffered race-neutral reasons for the strike of Juror Grant. The court was then required to reach Step 3 and make a determination whether the explanation was pretextual.
 

 The proper starting point in any analysis of
 
 Melbourne
 
 issues is the principle that on appeal, peremptory challenges are presumed to be exercised in a nondis-eriminatory manner.
 
 See Porter v. State,
 
 708 So.2d 338 (Fla. 3d DCA 1998);
 
 Dean v. State,
 
 703 So.2d 1180 (Fla. 3d DCA 1997). Furthermore, throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
 
 Melbourne,
 
 679 So.2d at 764;
 
 Davis v. State,
 
 691 So.2d 1180 (Fla. 3d DCA 1997).
 

 In
 
 Melbourne,
 
 the Florida Supreme Court stated that the trial court’s decision on the ultimate issue of pretext “turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.”
 
 Melbourne,
 
 679 So.2d at 764-65. However, the trial court in our case denied defense counsel the right to excuse Juror Grant because it concluded that he could be a fair juror, and therefore defense counsel’s reason for striking the juror was not race-neutral. The reasons given for exercising a peremptory challenge need not be equivalent to a challenge for cause.
 
 See Symonette v. State,
 
 778 So.2d 500, 503 (Fla. 3d DCA 2001)(“The fact that such a juror [peremptorily challenged] asserts that he or she can, nevertheless, be fair and impartial, does not mean that the state must be satisfied with the response.”);
 
 White v. State,
 
 754 So.2d 78, 80 (Fla. 3d DCA 2000).
 

 The facts in this case are similar to the facts in
 
 Greene v. State,
 
 718 So.2d 334 (Fla. 3d DCA 1998), where, pursuant to the state’s objection, defense counsel gave a race-neutral reason for striking the juror. The trial judge made the following ruling: “All right. The Court determines that the reasons given are not ethic [sic] neutral recognizable by the law as I understand it, and the Court is going to disallow the peremptory challenge and the juror will be seated.”
 
 Id.
 
 at 335. In reversing defendant’s conviction, this Court held that at no time did the trial judge address the genuineness of the reasons offered by de
 
 *1204
 
 fense counsel and, therefore, the court improperly discontinued the
 
 Melbourne
 
 analysis after the second step because she did not find the proffered reason to be ethnic-neutral. The court went on to explain:
 

 A conclusion that the proffered reasons ai-e not ethnic-neutral is not synonymous with a finding of pretext. The former requires only a superficial analysis to determine facial, ethnic neutrality, whereas the latter requires a judicial assessment of credibility of both the proffered reasons and the attorney or party proffering them. Likewise, the standard of review is different as to each. When reviewing a trial court’s determination that a proffered reason is not ethnic-neutral, this Court will simply review the facial neutrality of the reason. On the other hand, the trial court’s decision on the ultimate issue of pretext “turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.”
 
 Melbourne,
 
 679 So.2d at 764.
 

 Greene,
 
 718 So.2d at 335.
 

 Similarly, in our case, counsel gave a race-neutral reason when he stated that the juror was a uniformed Navy officer and the alleged crime victims were uniformed police officers. Based on the incorrect premise that there was no race-neutral reason, the trial court also found pretext. However, the reason was race-neutral and the denial of the peremptory strike cannot be justified simply because the trial judge felt the juror could be fair.
 

 In step (3) of the
 
 Melbourne
 
 procedure, the relevant circumstances that the court is to consider in determining whether the explanation is pretextual include such factors as the racial make-up of the venire; prior strikes exercised against the same racial group; a strike based on a i"eason equally applicable to an unchallenged venireperson; or singling out the venireperson for special treatment.
 
 Melbourne,
 
 679 So.2d at 764 n. 8;
 
 Young v. State,
 
 744 So.2d 1077 (Fla. 4th DCA 1999);
 
 Overstreet v. State,
 
 712 So.2d 1174 (Fla. 3d DCA 1998). We have not hesitated to reverse a trial court’s finding on the ultimate issue of pretext where the record does not support that finding.
 
 Fernandez v. State,
 
 746 So.2d 516 (Fla. 3d DCA 1999);
 
 Randall v. State,
 
 718 So.2d 230 (Fla. 3d DCA 1998);
 
 Overstreet,
 
 712 So.2d at 1174.
 

 In the case of
 
 Hamdeh v. State,
 
 762 So.2d 1030 (Fla. 3d DCA 2000), defense counsel was denied the right to exercise a peremptory challenge of a juror who had indicated that he had talked to people in the community about the case. After hearing the proffered reason given by defense counsel, the trial judge concluded that he did not feel the reason given by defense counsel was genuine. Similar to the court in this case, the trial judge pointed to nothing in the record which would have supported the conclusion that defense counsel’s reason for striking the juror was not genuine. In reversing defendant’s conviction, this Court held that since there was no record support for the trial court’s finding of pretext, it was error to deny defense counsel the right to strike the juror.
 

 In this ease there is nothing in this record to suggest that defense counsel’s reason for striking a uniformed Navy officer in a case with uniformed police officers as the alleged victims was not genuine. Because the court wrongfully concluded that defense counsel’s reason was not race-neutral, it never conducted a sufficient inquiry to determine the genuineness of the reason. We therefore reverse and remand for a new trial.