PER CURIAM.
 

 Cassandra Senatus appeals from her conviction for resisting an officer without violence. She argues that the trial court improperly denied her peremptory challenge of a prospective juror based on a finding that the reasons for the strike were not genuine. We agree with Sena-tus’s contention that the trial court should have allowed the peremptory challenge. There is nothing in the record to suggest that defense counsel’s concededly race-neutral reasons for striking the prospective juror were not genuine. Indeed, the record reveals that none of the Slappy
 
 [1]
 
 factors indicating pretext are present. As such, the absence of record support for the trial court’s “genuineness” finding requires reversal.
 
 See Scott v. State,
 
 920 So.2d 698 (Fla. 3d DCA 2006);
 
 Hamdeh v. State,
 
 762 So.2d 1030 (Fla. 3d DCA 2000);
 
 see also Julmice v. State,
 
 14 So.3d 1199, 1204 (Fla. 3d DCA 2009) (citing
 
 Hamdeh,
 
 stating that there was no record basis for concluding that defense counsel’s proffered reason for the peremptory challenge was not genuine),
 
 review denied,
 
 22 So.3d 68 (Fla.2009). Accordingly, the conviction is reversed and remanded for a new trial.
 

 Reversed and remanded.
 

 [1]
 

 .
 
 State v. Slappy,
 
 522 So.2d 18 (Fla.1988).