ON MOTION FOR REHEARING

SALTER, J.
Upon consideration of the State’s motion for rehearing, we grant the motion in part and deny it in part. The opinion issued in this case on October 20, 2010, is hereby withdrawn and the following is substituted in its place.
*873 Hector Garcia appeals his conviction and sentence for burglary of an unoccupied dwelling and felony theft. Finding that the trial court erred in disallowing a defense peremptory challenge to a prospective juror, we reverse and remand for a new trial.
Initially, jury selection in the ease proceeded smoothly and without incident. After six persons had been selected to serve on the jury, the State exercised a back-strike on one juror. The next venire member to be considered was Ms. Runno. The defense sought to exercise a peremptory challenge on Runno.
[Defense]: We will exercise our fourth peremptory on Ms. Runno, No. 26.
[State]: And we would ask for a race neutral reason.
[Defense]: Race neutral. Ms. Runno has previous jury experience.
[State]: I don’t know if that is a valid reason for a peremptory challenge.
THE COURT: The Court is going to deny that.
[Defense]: Prior jury experience has been held as a race and gender neutral reason to strike somebody from the panel.
THE COURT: Doesn’t the case law not say that it has to be something tangible, not tangible, but cognitive — from that jury experience that causes the concern, not just the simple fact that they served?
The court disallowed the peremptory. Ve-nire member Cartotto, the only remaining person who had listed prior jury service on the juror questionnaire, was chosen as the alternate juror. The panel was accepted and sworn, and the defense preserved its objection.
The following day the court revisited the strike:
As far as the peremptory of the defense related to Juror Runno’s no jury service, the defense had stated that they had wanted to strike Juror Runno because of prior jury service, nothing else was stated on the record.
The Court will note at this point, while that’s a race neutral reason for a strike, the Court will find, and articulate on the record, that if this case does go to appeal that the Court is finding that not to be a genuine reason.

There were four other jurors that had participated in jury service, no mention of their prior jury service was used. Specifically, I will point to Cartotto, who is now our alternate on this jury, defense accepted Mr. Cartotto, without mention of his prior jury service.

So, the Court is finding that it is not a genuine purpose for a strike, So, just so the record is clear in case this case goes to appeal. And the objections that were previously noted will remain noted, okay?[1]
The defense objected to the court’s explanation and proffered the juror questionnaires to show that no one who served on the jury other than Runno and Cartotto had prior jury experience. Defense counsel also argued that Ms. Runno was Hispanic, as were the defendant and three other jurors. The court did not comment further.
*874 We reverse the conviction because the procedures required by Melbourne v. State, 679 So.2d 759 (Fla.1996), were not followed in this case. “The proper starting point in any analysis of Melbourne issues is the principle that on appeal, peremptory challenges are presumed to be exercised in a nondiscriminatory manner. Furthermore, throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.” Julmice v. State, 14 So.3d 1199, 1203 (Fla. 3d DCA 2009), review denied, 22 So.3d 68 (Fla. 2009) (citations omitted).
In our original panel opinion, we focused on the first step of the Melbourne inquiry and concluded that the State’s general objection and request for a “race neutral reason” were insufficient to trigger the next steps of the inquiry. The State’s motion for rehearing is correct, however, (a) that its initial request for a race neutral reason was sufficient, in a context in which the trial court understood the objection and no party challenged it,[2] and (b) that the defense effectively waived any claim on the point by immediately proffering a purportedly race-neutral reason for the exercise of the peremptory strike. Franqui v. State, 699 So.2d 1332, 1335 (Fla.1997). After the motion for rehearing was filed in this case, the Supreme Court of Florida clarified its ruling in Franqui and reaffirmed that a request for a race-neutral basis for a challenge may be sufficient without identifying a particular protected racial or ethnic group if it was “obvious” to the trial court which minority group was in question and the party opposing the challenge never opposed a Neil[3] inquiry. Smith v. State, 59 So.3d 1107, 1113 (Fla.2011). For these reasons, we grant the State’s motion for rehearing as it relates to the first prong of the Melbourne inquiry in this case.
Here, however, the trial court abused its discretion when it failed to follow the third step as required by Melbourne. Defense counsel proffered a neutral reason for striking juror Runno — prior jury service. Prior jury service is a valid, facially race- and gender-neutral reason for exercising the peremptory. Jones v. State, 787 So.2d 154 (Fla. 4th DCA 2001). At that point, the court should have gone on to the third Melbourne step, an evaluation of all relevant circumstances surrounding the strike calculated to assess the genuineness of the reason offered. In this case, the circumstances did not indicate that the reason offered for the strike was pretextual or that it would have some prohibited discriminatory intent or effect,[4] and the trial court did not require the State to meet its burden to establish that the reason offered was not genuine:
[T]he relevant circumstances that the court is to consider in determining whether the explanation is pretextual include such factors as the racial makeup of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged venireperson; or singling out the venireperson for special treatment.
*875 Rodriguez v. State, 753 So.2d 29, 40 (Fla.2000) (citing Melbourne, 679 So.2d at 764 n. 8). This record is simply devoid of any “relevant circumstances” upon which to find the defense’s stated reason for the strike pretextual or other than genuine. For these reasons, we deny the State’s motion for rehearing to the extent that it urges us to affirm the defendant’s conviction and sentence.
Reversed and remanded.

. Emphasis supplied. Actually, six venire members listed prior jury service on the questionnaire. The court excused one person based on personal hardship. Two were stricken for cause by stipulation without further discussion. The fourth person’s fiancé was a police officer; she felt that police officers were more credible. She was stricken for cause. The issue of prior juiy service was not discussed at all before Ms. Runno was considered. No one who served on the jury other than Runno and Cartotto, the alternate, had prior jury experience. Cartotto was the last juror to be chosen; he was chosen after the Runno strike was disallowed.

. It is undisputed that the prospective juror was Hispanic and that the State’s challenged was based on a concern regarding discrimination against a member of that minority. Hispanics are a "cognizable class” and thus a protected group for this purpose in Florida. State v. Alen, 616 So.2d 452, 455 (Fla.1993).

. State v. Neil, 457 So.2d 481 (Fla.1984).

.Although defense counsel accepted Mr. Car-totto to serve as an alternate juror, and Mr. Cartotto had previously served on a jury, the record did not establish Mr. Cartotto’s ethnicity; accordingly, the fact that he was accepted to serve and Ms. Runno was not does not establish pretext.