FERNANDEZ, J.
Louis Wynn appeals his conviction and sentence for petit theft based on the trial court’s denial of a peremptory challenge during jury selection. We reverse and remand because the trial court erred when it disallowed Wynn’s peremptory challenge of a Haitian-Ameriean juror after defense counsel provided a genuine, race-neutral reason for the challenge.
The State charged Wynn with burglary of an unoccupied dwelling, grand theft, and resisting a police officer without violence. During the defense’s voir dire, the following exchange occurred between defense counsel and prospective juror W. E., a Haitian-Ameriean male:
Defense: Mr. Etinol [sic], do you think police officers come to court and not tell the truth? Did my question make sense? Do you think a police officer would come to court and lie?
Juror: I don’t know why they would lie.
*988 Defense: I don’t know. Can you think of a reason?
Juror: I don’t know.
Defense: You can’t think of one?
Juror: No.
Defense: Do you think a police officer could come to court and tell the truth?
Juror: Well, we are humans and we make mistakes.
Defense: We all make mistakes.
Following voir dire, the defense exercised a peremptory challenge on W.E., which prompted the State to request a race-neutral reason for the challenge.
Defense: [T]he State identified Mr. Eti-nol [sic] is [sic] a Haitian American male. For the record, we accepted Ms. Saintville, who has a Haitian American sounding name and other males on the panel. And as for Mr. Etinol [sic], he had problems with the concept of officers lying. And while he eventually did come around. It seems to be something he did not believe and [had] trouble finding. And we are moving to strike him.
Court: Okay. Does the State want to be heard on that?
State: No. Do you have an annotation in regard to officer lying?
Court: I wrote that he said we are all human, indicating that police officers lie like everybody else. So, I’m not going to accept that as a genuine reason for the challenge.
Defense counsel subsequently reiterated his challenge to W.E. The race- and gender-neutral explanation defense counsel proffered was W.E.’s reluctancy to admit that police officers are capable of lying. Defense counsel also noted he had accepted two jurors of Haitian-American descent, as well as several male jurors, in order to demonstrate that the peremptory challenge possessed no race or gender bias.
The court again disallowed the strike because it did not find the explanation genuine. The defense moved for an acquittal on all counts. The State stipulated to the entry of a judgment of acquittal on the charge of resisting arrest. The court ultimately reduced the grand theft count to petit theft and denied the defense’s motion for acquittal of the burglary charge. The jury convicted Wynn of petit theft, and the trial court sentenced him to sixty days in jail.
Wynn argues, and we agree, that the trial court erred when it denied his peremptory challenge of the Haitian-American juror after defense counsel offered a valid gender- and race-neutral reason for the challenge. He argues that the court failed to engage in the requisite “genuineness” analysis when it concluded that the gender- and race-neutral reason defense counsel proffered — that W.E. was reluctant to admit police officers are capable of lying — was not genuine but, instead, pre-textual.
The legal standard of review of a trial court’s ruling on the propriety of peremptory challenges is abuse of discretion. See Nowell v. State, 998 So.2d 597, 602 (Fla.2008). In Melbourne v. State, 679 So.2d 759 (Fla.1996), the Florida Supreme Court set forth a three-step procedure that must be followed when a peremptory strike is challenged as discriminatory: (1) the objecting party must make a timely objection, show that the venire person is a member of a distinct protected group, and request that the striking party provide a reason for the strike; (2) the burden shifts to the proponent of the strike to come forward with a race- or gender-neutral explanation; and, (3) if the explanation is facially race- or gender-neutral, the court must determine whether the explanation is *989 a pretext “given all the circumstances surrounding the strike.” Id. at 764. See also Hayes v. State, 94 So.3d 462, 461 (Fla.2012) (applying the Melbourne procedure to claims of gender-based discrimination); Julmice v. State, 14 So.3d 1199, 1203 (Fla. 3d DCA 2009) (applying the Melbourne procedure to claims of race-based discrimination). The last step of this inquiry focuses on the genuineness, rather than the reasonableness, of the explanation. Melbourne, 679 So.2d at 764. If the trial court fails to properly apply the Melbourne procedure, the proper remedy is to reverse and remand for a new trial. Hayes, 94 So.3d at 461.
Furthermore, when the trial court determines that the proponent has offered a race- or gender-neutral reason and proceeds to evaluate that reason’s genuineness, the trial court can request the opponent of the strike to demonstrate why the reason was not genuine. Id. at 463. Circumstances relevant to the “genuineness” inquiry include the gender or racial make-up of the venire, prior strikes exercised against the same gender or racial group, or singling the juror out for special treatment. Melbourne, 679 So.2d at 764 n. 8. The burden of persuasion, however, is on the opponent of the strike to show that the proponent’s reason is discriminatory and pretextual. See Hayes, 94 So.3d at 462.
Where the opponent “fails to provide the trial court with an explanation as to why the reasons given were pretextual, and the trial court thereafter fails to undertake an on-the-record genuineness inquiry, the reviewing court is unable to engage in meaningful appellate review.” Id. Melbourne does not require trial judges to articulate their thought process. See Johnson v. State, 706 So.2d 401, 404 (Fla. 3d DCA 1998). However, if the explanation advanced for a peremptory challenge is reasonable and the record is devoid of any indication that the judge considered relevant circumstances in denying the strike, an appellate court must conclude the trial judge did not engage in the “genuineness” inquiry Melbourne requires. See Hayes, 94 So.3d at 464-66.
We first conclude that the State waived its right to argue that the explanation was pretextual. The court specifically asked the State whether it wanted to be heard on W.E.’s concept of police officers’ ability to lie, to which the State declined. The State’s waiver notwithstanding, it was error for the court to determine that the reason for exercising a peremptory strike on W.E. was not genuine.
The trial court misinterpreted and misapplied the Melbourne procedure. The State complied with the first step of Melbourne when it timely objected that W.E. was a member of a distinct protected group, and subsequently requested that defense counsel provide a reason for the strike. The State argues that the trial court correctly determined that the peremptory challenge was not for a genuine reason because the record does not support defense counsel’s race-neutral explanation for the strike. The State is incorrect.
Defense counsel complied with the second step of the Melbourne procedure when he provided a race- and gender-neutral explanation for the strike. The court, however, did not adequately comply with the third, final step of the Melbourne procedure because it failed to adequately engage in the “genuineness” analysis.
The court’s inquiry failed to meet the requirements set forth in Melbourne and Hayes. The circumstances here did not indicate that the reason offered for the strike was pretextual. The reason for the *990 peremptory strike was in fact facially race-neutral. Two other - Haitian-Americans were already empanelled, and W.E.’s hesitation when he answered defense counsel’s questions did not involve race.
Moreover, the court’s refusal to allow a peremptory challenge is akin to finding that the strike was exercised for a discriminatory purpose. See Hayes, 94 So.3d at 466 (holding trial court disregarded presumption of nondiscrimination when it required the defendant to disprove the State’s assertion of discriminatory intent). A party’s use of peremptory challenges “is limited only by the rule that such challenges may not be used to exclude prospective jurors because of their race, ethnicity, or gender.” Id. The colloquy among defense counsel, the State, and the court indicates that the court misapplied the “genuineness” analysis, and it was error for it to determine that defense counsel’s stated reason for the strike was pre-textual. For these reasons, we reverse and remand for a new trial.
Reversed and remanded with instructions.