SALTER, J.
Ricardo Norona appeals his conviction and sentence for attempted first degree *1097 murder and armed kidnapping. He argues that the trial court erred in denying a peremptory challenge by the defense during voir dire under the procedure established in Melbourne v. State, 679 So.2d 759 (Fla.1996). Finding no error in the trial court’s conclusion that the proffered nondiscriminatory explanation for exercising the strike was not genuine, we affirm.
The attempted exercise of a peremptory strike by the defense against prospective juror X.G. occurred after an extensive voir dire and the exercise of numerous strikes by each side. Initially, the defense and the state had accepted X.G., and the Melbourne colloquy challenged on appeal took place as both sides exercised a sequence of backstrikes. By the time the colloquy occurred, the record demonstrates that the trial court and counsel were aware that:
1. X.G. and the alleged victim of the attempted first degree murder and armed kidnapping were both Hispanic females.
2. X.G.’s husband was a retired corrections officer.
3. Other prospective jurors accepted by the defense, in ethnic, racial, or gender categories other than those of X.G., had connections to law enforcement officers, including a prospective juror with two relatives then serving as police officers. That prospective juror had also been accepted by the defense before the backstrike was attempted against X.G., and ultimately that prospective juror — a male — served as a jury member).
4. Before the attempted strike and objection pertaining to X.G., each side had challenged one or more strikes directed at a member of different protected categories, and after a Melbourne colloquy, each objection had been denied by the trial court.
As to the attempted peremptory back-strike against X.G., step one of Melbourne (a timely objection and the identification of the protected classes applicable to the prospective juror) was satisfied. The second step, an explanation by the proponent of the strike providing a facially non-discriminatory basis for the strike, was also satisfied. The third step, an assessment of whether the purportedly non-discriminatory basis was genuine, was also satisfied. The veteran trial judge used her own notes, recollection, and credibility assessment to conclude that the defense had accepted another prospective juror, also with ties to law enforcement, but from a different ethnic and gender category. The trial judge also observed that X.G. had less connection with the government than “about thirty” prospective jurors who had been questioned during voir dire. The trial court was well aware that the victim, a Hispanic female, was to testify as the state’s witness. Additionally, to that point in the jury selection process, the defense had not accepted another Hispanic female.
The defendant in this case argues that “the record is completely devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose,” and that the “only factor considered by the trial judge in denying the defendant the right to strike [X.G.] was the court’s wrongful reliance on the fact that at least thirty jurors on the panel had a relationship with the government.” We disagree.
The trial court’s decision on such challenges “turns primarily on an assessment of credibility and will be affirmed on appeal unless it is clearly erroneous.” Rodriguez v. State, 753 So.2d 29, 41 (Fla.2000) (citing Melbourne). “Circumstances relevant to the ‘genuineness’ inquiry include the gender or racial make-up of the venire, prior strikes exercised against the same gender or racial group, or singling *1098 the juror out for special treatment.” Wynn v. State, 99 So.3d 986, 989 (Fla. 3d DCA 2012) (citing Melbourne). “There is nothing in Melbourne which requires trial judges to articulate their thought process on the issue of pretext.” Johnson v. State, 706 So.2d 401, 404 (Fla. 3d DCA 1998) (citing Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997)).
In light of the facts known to the trial court at the time of its ruling regarding the attempted exercise of a peremptory backstrike against X.G., the defendant has not demonstrated that the trial court’s assessment was clearly erroneous.
Affirmed.
LOGUE, J., concurs.