# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1454
Lower Tribunal No. F08-47375
_____


**Abraham Jackson Mpaka,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Robert T. Watson, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson, for appellant.

James Uthmeier, Attorney General and Katryna Santa Cruz, Assistant Attorney General, for appellee.


Before SCALES, C.J., and EMAS and MILLER, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Craven v. State</u>, 310 So. 3d 891, 899 (Fla. 2020) ("Under Florida law, a party's use of peremptory challenges is limited only by the rule that the challenges may not be used to exclude members of a 'distinctive group,' such as race.") (quoting <u>San Martin v. State</u>, 705 So. 2d 1337, 1343 (Fla. 1997)) (additional citations omitted); <u>Brannon v. State</u>, 320 So. 3d 898, 902 (Fla. 3d DCA 2021) ("The factors relevant to the trial court's genuineness inquiry include the 'racial make-up of the venire, prior strikes exercised against the same . . . racial group, or singling out the juror for special treatment.'" (quoting <u>Norona v. State</u>, 137 So. 3d 1096, 1097-97 (Fla. 3d DCA 2014)); <u>see also</u> <u>Melbourne v. State</u>, 679 So. 2d 759, 764-65 (Fla. 1996) (holding that the trial court's ultimate determination of genuineness—whether the proffered reason for the strike was a pretext—turns primarily on an assessment of credibility, therefore implicating the abuse of discretion standard, and will be affirmed on appeal unless there is no record support for the trial court's finding.).