# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0993
Lower Tribunal Nos. B23-935, AHBZDFE, A399E8P
_____

**Juan Carlos Carballo,**
Appellant,

vs.

**State of Florida,**
Appellee.



An Appeal from the County Court for Miami-Dade County, Lizzet Martinez, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Rose Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Lourdes Bibiana Fernandez, Assistant Attorney General, for appellee.

Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

BOKOR, J.

Juan Carlos Carballo challenges the trial court's denial of two peremptory juror challenges due to alleged racial and gender bias. Because the record provides no support for the trial court's conclusion that the defense's explanations for the peremptory challenges were pretextual, we reverse and remand for a new trial.

## BACKGROUND

Carballo was charged with driving without a license, fleeing the scene of an accident, and resisting an officer without violence. He requested a jury trial. During jury selection, the defense attempted to use its first peremptory challenge to strike prospective juror 13, an Asian male. The State requested a race-neutral explanation, and the defense provided two bases: (1) that the juror previously served on a jury in a criminal trial, and (2) that, based on the juror's follow up question, the defense felt the juror wanted the defendant to put on evidence despite agreeing with the court that the defendant had no affirmative obligation to do so. The defense explained that "[w]e feel like that indicates that [prospective juror 13] wants to hear evidence, and that is a neutral reason." The court rejected this explanation and denied the challenge, finding it pretextual and not genuine because the juror also indicated that he would follow the law.

Subsequently, the defense attempted to use its third peremptory on prospective juror 17, a female. Because the defense had previously stricken two other female jurors, the State again requested a neutral explanation. The defense explained that the challenge was because this juror had also previously served on another jury and seemed excited to do so again. The court, citing "prior strikes exercised against the same group" and "the circumstances surrounding the strike," again found the defense's explanation not genuine and denied the peremptory. Both jurors were ultimately empaneled and rendered a guilty verdict on all charges. This appeal followed.

## ANALYSIS

"[T]he appropriate standard of appellate review for determining the threshold question of whether there is a likelihood of racial discrimination in the use of peremptory challenges is abuse of discretion." Nowell v. State, 998 So. 2d 597, 602 (Fla. 2008). "It is well settled in Florida that peremptory challenges may not be used to exclude prospective jurors solely because of their race or ethnicity." Id. at 601. The Florida Supreme Court created a multistep process when a party objects to the use of a peremptory challenge because of a protected class:

> A party objecting to the other side's use of a peremptory
> challenge on racial grounds must: a) make a timely objection on

3

that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.

At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.

Melbourne v. State, 679 So. 2d 759, 764 (Fla. 1996) (footnotes omitted). Compliance with each step of this process "is not discretionary, and the proper remedy when the trial court fails to abide by its duty under the Melbourne procedure is to reverse and remand for a new trial." Hayes v. State, 94 So. 3d 452, 461 (Fla. 2012).

Here, the trial court misapplied Melbourne and abused its discretion in finding the defense's explanations pretextual. "Prior jury service is a valid, facially race- and gender-neutral reason for exercising the peremptory." Garcia v. State, 75 So. 3d 871, 874 (Fla. 3d DCA 2011) (reversing conviction due to improper denial of peremptory predicated solely on prior jury experience where the court did not require the State to meet its burden to establish that the defense's explanation was not genuine and the record did

4

not otherwise provide any support for the court's finding of pretext). Because the defense proffered the jurors' prior jury service as the primary reason for exercising the peremptory challenge, as well as a second, race-neutral rationale, the burden should have shifted back to the State to argue that the defense's explanations were not genuine. But as in Garcia, the State did not do so, and "[t]his record is simply devoid of any 'relevant circumstances' upon which to find the defense's stated reason for the strike pretextual or other than genuine." Id. at 875; see also Melbourne, 679 So. 2d at 764 n.8 ("Relevant circumstances may include—but are not limited to—the following: the racial make–up of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment."). The trial court articulated none of those relevant circumstances, nor are any of them present on the record.

## CONCLUSION

As this court has explained, "if the explanation advanced for a peremptory challenge is reasonable and the record is devoid of any indication that the judge considered relevant circumstances in denying the strike, an appellate court must conclude the trial judge did not engage in the 'genuineness' inquiry Melbourne requires." Wynn v. State, 99 So. 3d 986,

5

989 (Fla. 3d DCA 2012). The trial court did not follow the <u>Melbourne</u> steps, and the record is devoid of any relevant circumstances to support the trial court's conclusion. We therefore vacate the conviction and reverse and remand for a new trial.[1]

Affirmed in part, reversed in part, and remanded.

---

[1] Carballo separately alleges that the court abused its discretion by consolidating the three charges against him because one was filed separately and travelling together with the others. Because he presents no evidence of prejudice and does not dispute that the charges all arose out of the same incident of unlicensed driving, we affirm as to this issue without further discussion. <u>See</u> <u>Livingston v. State</u>, 565 So. 2d 1288, 1290 (Fla. 1988) ("[T]he harmless error rule should be applied to misjoinders . . . reversal is required only if misjoinder causes actual prejudice by having a damaging effect or influence on the jury's verdict.").