# Third District Court of Appeal

## State of Florida

Opinion filed June 10, 2026.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D24-0173
Lower Tribunal No. F23-5362

————————

**Fidel Hernandez,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura María González-Marqués, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Kayla Heather McNabb, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER and BOKOR, JJ.

BOKOR, J.

Fidel Hernandez, the defendant in a domestic battery case, appeals the trial court's denial of a peremptory challenge attempting to strike a female juror. The trial court found that the defense used the peremptory in a discriminatory way and that their gender-neutral explanation was not genuine. For the reasons explained below, we conclude that a proper application of the Melbourne factors to the record mandates reversal.

## BACKGROUND

Hernandez was charged with assault with a deadly weapon and domestic battery by strangulation, to which he pled not guilty and requested a jury trial. During jury selection, the court used a randomized process by addressing jurors in order from a list prepared beforehand by a judicial assistant. The juror at issue here, number 34, was the defense's fourth attempted peremptory challenge.

At the beginning of jury selection, the parties initially stipulated to exclude two male jurors for cause. The State then made a cause challenge to a female juror, number 31, which the defense opposed. The court denied that challenge, and the State used its first peremptory on juror 31, over the defense's objection. The parties then accepted two male jurors, struck one female juror by stipulation, struck another female juror after a cause challenge from the defense, and accepted the next female juror without

2

objection. The defense used their first peremptory on a male juror, number 17, without objection, and then challenged another male juror, number 39, for cause, arguing that he did not appear to understand the burdens of proof. The court denied that cause challenge, leading the defense to use their second peremptory on juror number 39.

Next, the defense then attempted to use their third peremptory to strike juror 22, a Hispanic woman. The State requested a race- and gender-neutral explanation, and the defense explained that the juror was shaking her head during questioning and did not appear to understand the court's instructions. The court found this explanation to not be genuine and denied the challenge, though the court did not indicate whether the challenge was improper due to racial or gender grounds.

Finally, the defense then attempted to exercise another peremptory on juror number 34. The State objected solely on gender-related grounds, and defense counsel explained that they were concerned about the juror's response to a question about conflicts of evidence and that "it just didn't seem to me like she understood that aspect." Relying solely on the defense's previous attempt to strike juror 22, the court found this explanation pretextual as well and again denied the peremptory. Both jurors were ultimately seated

and returned a guilty verdict. Hernandez now appeals, alleging that the court abused its discretion by denying the peremptory challenge to juror 34.

## ANALYSIS

When ruling on a challenge to a party's exercise of a peremptory strike, the trial court must apply the three-step process set forth in Melbourne v. State, 679 So. 2d 759, 764 (Fla. 1996). This analysis starts with the opposing party making a timely objection, showing that the venireperson is a member of a distinct group, and requesting that the court "ask the striking party its reason for the strike" (step 1). Id. Upon completion of step 1, the court must ask the proponent of the strike to provide a race-neutral explanation (step 2). Id. "If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3)." Id. (footnotes omitted). Importantly, "[t]he court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination." Id. (footnote omitted); see also Welch v. State, 992 So. 2d 206, 211–12 (Fla. 2008) (applying Melbourne standard and test to claims of gender discrimination in the context of a peremptory challenge).

The Florida Supreme Court has explained that "peremptory challenges are presumed to be exercised in a nondiscriminatory manner and . . . the appropriate standard of appellate review for determining the threshold question of whether there is a likelihood of [protected class] discrimination in the use of peremptory challenges is abuse of discretion." Nowell v. State, 998 So. 2d 597, 602 (Fla. 2008). "Notwithstanding this deferential standard, however, a trial court's determination that a strike is pretextual will be reversed by the appellate court if there is no record support for the trial court's finding." Brannon v. State, 320 So. 3d 898, 902 (Fla. 3d DCA 2021). "While this Court has made it clear that Melbourne does not require a trial court to expressly articulate its thought process in making a genuineness determination, our case law does require the record to support the trial court's genuineness determination." Id. at 903 (citation omitted) (reversing and remanding denial of peremptory where defendant only exercised one prior peremptory strike against juror of same racial group, record did not indicate that either strike was racially motivated, and court did not articulate rationale to support its genuineness determination); see also Wynn v. State, 99 So. 3d 986, 989 (Fla. 3d DCA 2012) ("[I]f the explanation advanced for a peremptory challenge is reasonable and the record is devoid of any indication that the judge considered relevant circumstances in denying the

5

strike, an appellate court must conclude the trial judge did not engage in the 'genuineness' inquiry <u>Melbourne</u> requires.").

In evaluating whether a facially-neutral explanation is pretextual, "[r]elevant circumstances may include—but are not limited to—the following: the [protected class] make–up of the venire; prior strikes exercised against the same [protected class]; a strike based on a reason equally applicable to an unchallenged juror; or singling the juror out for special treatment." <u>Melbourne</u>, 679 So. 2d at 764 n.8 (citing <u>State v. Slappy</u>, 522 So. 2d 18 (Fla. 1988)). "While prior strikes exercised against the same [protected class] is a relevant circumstance which may be considered in determining whether the proffered reason for the strike is genuine, the exercise of such prior strikes is not wholly determinative." <u>Wimberly v. State</u>, 118 So. 3d 816, 822 (Fla. 4th DCA 2012).

The trial court's explanation for denying the challenge to juror 34 was that she was the second woman to be peremptorily challenged, after juror 22. But the circumstances surrounding those two strikes belie a pattern. By the time the parties reached juror 22, the defense had already used their first two peremptories on men, accepted one woman without objection, and opposed the State's cause challenge to another woman. The reason given for attempting to strike juror 22 was not the same reason given for juror 34,

6

and both explanations were gender-neutral and related to specific reactions and responses not applicable to any other juror. The record further belies any pattern of singling out female jurors—the defense similarly challenged juror 39, a male, for allegedly misunderstanding the burdens of proof. In the absence of any indication that the trial court considered the relevant circumstances under Melbourne, we must conclude such circumstances were not applicable here. See Wynn, 99 So. 3d at 989.

The Fourth District's decision in Siegel v. State, 68 So. 3d 281 (Fla. 4th DCA 2011), provides guidance. There, a defendant charged with online solicitation of a minor attempted to peremptorily strike two female jurors for different facially neutral reasons: one because she was a schoolteacher who regularly interacted with children, and the other because she had a relative who had been charged with a sex crime. Id. at 284–85. After the trial court denied both challenges and rejected the defense's gender-neutral explanations without elaboration, the Fourth District reversed, finding that the court both provided insufficient analysis under Melbourne and abused its discretion in finding the explanations to not be genuine:

> "[W]here a gender or race neutral reason was advanced for the strike, the reason advanced is itself reasonable, and the record is devoid of any indication that the trial judge considered the relevant circumstances surrounding the strike in concluding that it was motivated by improper purposes," an appellate court must

7

conclude that the trial judge failed to adequately engage in the "genuineness inquiry" mandated by Melbourne.

. . . .

The reason for defense counsel's strike was not applicable to any other jurors, and there was no indication that the defense was singling out [the challenged juror]. Although males comprised the majority of the venire, this was only the second attempted strike of a female juror after the court re-started the jury selection process. Quite simply, the record did not support the trial court's conclusion that defense counsel's reason for the strike was a pretext for keeping [the challenged juror] off the jury because of her gender.

Id. at 286–87 (quoting in part Jones v. State, 787 So. 2d 154, 157 (Fla. 4th DCA 2001)). We reach the same conclusion, vacate the judgment and remand for a new trial.

Reversed and remanded.